# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
at 8 O'clock & 48 min A M
Date March 21, 2005
MICHAEL F. McHUGH, CLERK
United States Bankruptcy Court
Savannah, Georgia

| | |
|---|---|
| In the matter of: ) | |
| ) | Chapter 13 Case |
| CHANDRA L. HARRIS ) | |
| ) | Number <u>04-41403</u> |
| *Debtor* ) | |

## ORDER ON MOTION TO RECONSIDER
## ORDER GRANTING RELIEF FROM STAY

  Debtor filed her Chapter 13 petition on May 4, 2004. On October 20, 2004, Wells Fargo Bank Minnesota ("Movant") filed a Motion for Relief from Stay pursuant to 11 U.S.C. § 362 alleging that Debtor was delinquent on her post-petition mortgage payments on real property at 1909 Duval Street, Savannah, GA 31404. A hearing on the Motion was scheduled for November 18, 2004, and notice of the hearing was duly served. Debtor failed to appear at the November 18, 2004 hearing. Movant's Exhibit B attached to its Motion established that there was a post-petition default, and in the absence of contrary evidence, the Court entered an Order granting relief from stay on November 30, 2004.

  On December 9, 2004, Debtor filed a Motion for Reconsideration of the Order granting relief from stay alleging that she had received no notice of the hearing and that she had paid her house payments consistently. After one continuance, the Motion for Reconsideration came before the Court for a hearing on January 25, 2005. At the conclusion of the hearing, I announced on the record that the Motion for Reconsideration was denied, and I enter this Order to articulate more fully the reasons for that decision. This Court has jurisdiction over this core

proceeding under 28 U.S.C. § 157(b)(2)(G).

The matter before the Court presents both a procedural and a substantive issue. As to the procedural matter, Debtor contends that she did not receive notice of the hearing scheduled for November 18, 2004. The Certificate of Service filed by Movant's counsel on November 3, 2004, shows service upon the Debtor at her correct home address and Debtor's counsel at her office address as required by Federal Rule of Bankruptcy Procedure 7004(b)(9). Debtor presented no evidence that mail sent to Debtor's address has been returned by the United States Postal Service.

The law is clear that "[m]ail that is properly addressed, stamped and deposited into the mails is presumed to be received by the addressee." United States v. Levoy (In re Levoy), 182 B.R. 827, 834 (B.A.P. 9th Cir. 1995); *see also* Konst v. Florida E. Coast Ry. Co., 71 F.3d 850, 851 (11th Cir. 1996)("The common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee.") This presumption can be overcome only by strong and convincing evidence that the notice was not received. *See* O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir. 1993)(quoting Hicklin v. Edwards, 226 F.2d 410, 414 (8th Cir. 1955)); Moody v. Bucknum (In re Bucknum), 951 F.2d 204, 207 (9th Cir. 1991)(holding presumption can be overcome by clear and convincing evidence). The mere assertion of lack of receipt is insufficient to overcome the presumption. *See, e.g.*, DIRECTV, Inc. v. Carlson, Civ. 1:03CV831-T, 2004 WL 1809917, at *2 (M.D. Ala. Aug. 4, 2004)(citing Trustees of Local Union No. 727 Pension Fund v. Perfect Parking, Inc., 126 F.R.D. 48, 52 (N.D. Ill. 1989)). Based on the lack of evidence presented at the hearing, this Court finds that the notice of the hearing was

properly served on Debtor.

At the hearing I concluded that the Motion should be denied based on the legal standards which govern motions to reconsider. Motions to reconsider an order in bankruptcy are treated as motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 9023, or as a motion for relief from judgment under Federal Rule of Civil Procedure 60, made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 9024. *See* Aguiar v. Interbay Funding, LLC (In re Aguiar), 311 B.R. 129, 135 n.9 (B.A.P. 1st Cir. 2004); Britt's Home Furnishing, Inc. v. Hollowell, (In re Hollowell), 242 B.R. 541, 542 (Bankr. N.D. Ga. 1999); *see also* Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997).

Reconsideration of a judgment is an extraordinary remedy which should be exercised sparingly. Groover v. Michelin N. Am., Inc., 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000). Such a motion is not a "vehicle to relitigate old matters or present the case under a new legal theory ... [or] to give the moving party another 'bite at the apply' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." Mincey v. Head, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000)(quoting In re Halko, 203 B.R. 668, 671-72 (Bankr. N.D. Ill. 1996). There are three primary grounds justifying reconsideration of a judgment: 1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice. Estate of Pidcock v. Sunnyland Am., Inc., 726 F. Supp. 1322, 1333 (S.D. Ga. 1989)(Edenfield, J.). *See also* Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072 (M.D. Fla. 1993)("When issues have

been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based.").

Debtor did not contend any change in controlling law but in an effort to establish other grounds for Reconsideration, Debtor alleged that she had paid all of her house payments. At the hearing however, Debtor's evidence[1] proved, at best, that she was at least one payment in arrears at the time of the November hearing. As a result, even in the light most favorable to Debtor, she was not current as of the November hearing date and stay relief was legally correct. Further, even if she had been current in November, that evidence was timely only if submitted then. Late proof of payments would not be sufficient to grant a motion to reconsider as the evidence of payment was not newly discovered. <u>Mays v. U.S. Postal Serv.</u>, 122 F.3d 43, 46 (11th Cir. 1997)(holding that a court should not grant a motion to reconsider based on previously unsubmitted evidence absent a showing that the evidence was unavailable during pendency of motion). There was no clear error in the November Order based on payment history in evidence at that time, and no newly discovered evidence was presented at the hearing on the Motion for Reconsideration.

Nor did Debtor present proof of manifest injustice. Debtor was in default in November when the Motion for Relief was granted. At the hearing she argued that the Court should reconsider its Order because she would be able to cure any arrearage within two months.

---

[1] The evidence was proffered but not admitted. Some of the documents proffered might not have been admissible for reasons of inadequate authentication had it been necessary to conduct a full evidentiary hearing. Since the "evidence" still revealed at least a one payment default, it was not necessary to inquire further into the question of admissibility of various forms of payment receipts in order to rule on the Motion.

Such an offer to cure would have been timely at the hearing on the merits of the Motion for Relief, but not at the hearing on the Motion to Reconsider. A late offer of future performance is not a basis for a Court to reconsider a prior order and deny a creditor its lawfully obtained relief from the automatic stay. In short, there is no basis to set aside the prior Order to prevent clear error or manifest injustice since Debtor failed to demonstrate that she was current on her payments at the time of the Order.

If a debtor is unable to prove the elements for reconsideration, a debtor may ask the Court to reimpose the stay by filing an adversary proceeding[2] seeking injunctive relief pursuant to Federal Rules of Bankruptcy Procedure 7001(7) and 7065. See State Bank of S. Utah v. Gledhill (In re Gledhill), 76 F.3d 1070, 1079 (10th Cir. 1996). However, in order to obtain injunctive relief, the debtor must be prepared to show the Court the following: 1) substantial likelihood of success on the merits; 2) irreparable injury will be suffered unless the injunction issues; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) if issued, the injunction would not be adverse to the public interest. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Further, an adversary proceeding seeking injunctive relief is not an opportunity to relitigate matters that were or should have been argued at the hearing on the merits of the motion for relief. Salzer v. Gick (In re Salzer), No. 91-1027, 1991 WL 119153, at * 4 (Bankr. N.D. Ind. Feb. 21, 1991).

---

[2]Debtors often seek this relief in a motion to reimpose the automatic stay. Since injunctive relief is obtained only in the context of an adversary proceeding, I construe motions to reimpose as improper vehicles to render any relief other than that which a motion to reconsider can afford. If the order granting relief from stay is final and grounds for reconsideration do not exist, the affirmative act of granting a new stay must proceed as an adversary proceeding. See Wedgewood Inv. Fund, Ltd. v. Wedgewood Realty Group, Ltd., (In re Wedgewood Realty Group, Ltd.), 878 F.2d 693, 701 (3d Cir. 1989); Stacy Fuel and Sales, Inc. v. Stacy (In re Stacy), 167 B.R. 243, 248 (N.D. Ala. 1994).

CONCLUSION

This Court has held that "mere disagreement with the Court's factual findings and legal applications is not sufficient to justify a reconsideration of [an] Order." In re Screen, No. 04-40615, 2004 WL 2201246, at * 4 (Bankr. S.D. Ga. Sept. 17, 2004). In order to obtain relief in a motion for reconsideration, a debtor must show a change in controlling law, the availability of new evidence or the need to correct clear error or manifest injustice. Debtor did not proffer any previously unavailable evidence nor any change in the law. Furthermore, Debtor did not demonstrate any clear error or manifest injustice in the Order granting the Motion for Relief.

ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that Debtor's Motion to Reconsider is DENIED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 16th day of March, 2005.

cc: Debtor Harris
Debtor's Atty. Brazil
Creditor
Creditor's Atty. Greenberg
Trustee Brown
U.S. Trustee
3/21/05 cR

6